IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **JULIE C. LEE, ET AL.,**<br><br>       **Plaintiffs,**<br><br>            v.<br><br>**SECURITY LENDING WHOLESALE, LLC, ET AL.,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>**Case No. 2:09CV1037DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff's Temporary Restraining Order. Plaintiffs' Complaint states that this court has jurisdiction over the matter based on both diversity jurisdiction and federal question jurisdiction. This court, however, must have jurisdiction to proceed with the case and it is evident from the face of Plaintiff's Complaint that no federal jurisdiction exists.

To state diversity jurisdiction under 28 U.S.C. § 1332, plaintiff and defendants must be citizens of different states. Plaintiffs' Complaint makes no attempt to establish diversity jurisdiction. Plaintiffs' Complaint states that they are landowners in Salt Lake County, Utah, and Defendant Security Lending Wholesale is a corporation organized and existing under the laws of the State of Utah. The presence of a nondiverse party automatically destroys federal jurisdiction, and when the court's notices such a defect, the court must raise the matter on its own. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998). Based on the allegations contained on the face of the Complaint, there is no diversity jurisdiction in this case.

Plaintiffs' Complaint further asserts that federal question jurisdiction exists under 28 U.S.C. § 1331.  But neither of Plaintiffs' claims assert a cause of action under the United States Constitution or a federal statute.  Plaintiffs bring their action under the Uniform Commercial Code ("UCC"), but the UCC is not a federal statute.  The UCC is a uniform law adopted on a state-by-state basis.  Plaintiffs' cause of action under the UCC must, therefore, be brought pursuant to Utah's Uniform Commercial Code.  In addition, Plaintiffs' claim that their contractual agreements with Defendants are *ultra vires* is a state law contract claim.  "A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."  *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted).  This court concludes that Plaintiffs' Complaint, which states only state law causes of action and seeks to quiet title, does not state a federal cause of action.

Because there is no federal question jurisdiction based on the face of Plaintiff's Complaint, the court finds no jurisdiction in this court.  Plaintiffs must bring their claims in state court.  Accordingly, the court DISMISSES Plaintiff's Complaint for lack of federal jurisdiction.

DATED this 23rd day of November, 2009.

_____
DALE A. KIMBALL
United States District Judge